*1225
 
 Opinion
 

 KREMER, P. J.
 

 Petitioners Mor-Ben Insurance Markets Corporation and Morton Hoffman appeal a judgment denying their petition for writ of mandate against the State of California Department of Insurance (Department).
 

 The Department revoked petitioners’ licenses to engage in the insurance business and denied their applications for additional licenses. The Department found petitioners violated the Insurance Code
 
 [1]
 
 by knowingly making false representations in processing a claim and by acting as agent for and aiding and abetting a Pakistani insurance company to transact insurance in California without obtaining a certificate of authority. The superior court upheld the Department’s decision. We affirm.
 

 I
 

 In March 1976 the Department licensed Mor-Ben as an “insurance broker,” “surplus line broker” and “special lines’ surplus line broker.” Hoffman was licensed as a “transactor” under Mor-Ben’s licenses.
 
 [2]
 

 In October 1979 Mor-Ben executed a management agreement with Pioneer Insurance Company, a Pakistani company not licensed by the Department to transact insurance business as an insurer in California. Under the management agreement, Pioneer appointed Mor-Ben its sole manager for transacting Pioneer’s insurance business in the United States. Pioneer granted Mor-Ben exclusive management of Pioneer’s underwriting, including accepting or rejecting individual risks, and authority to settle claims against Pioneer, collect premiums, appoint surplus line brokers or other representatives necessary to conduct Pioneer’s business, supply all policies, certificates, forms and endorsements, set premium rates and deductibles, open bank accounts in Pioneer’s name, invest its funds, and engage in the reinsurance business as a reinsurer on Pioneer’s behalf. Pioneer allowed Mor-Ben a profit commission.
 

 . Mor-Ben primarily functioned as United States manager for Pioneer and for any type of business Pioneer wanted to do in the United States. MorBen did all accounting, handled all funds, transmitted and requested funds, assigned all claims, hired all adjusters, retained all attorneys and settled claims. On Pioneer’s behalf, Mor-Ben had surplus line brokers under contract throughout the United States. Mor-Ben was Pioneer’s sole agent in the
 
 *1226
 
 United States with authority to issue all classes of insurance offered by Pioneer in the United States, including fire, malpractice, financial guaranty and bond and automobile physical damage.
 

 From October 1979 through June 1981 petitioners transacted marine and fire and casualty insurance on Pioneer’s behalf by issuing insurance policies to various insureds. Petitioners charged and collected premiums on such insurance; they adjusted, settled and handled all claims against Pioneer. Various insureds suffered losses covered under the insurance policies and submitted claims for about $52,000 to petitioners. Petitioners and Pioneer paid about $9,900, leaving unpaid about $42,000 in claims.
 

 II-IV
 
 *
 

 V
 

 Section 31 defines “insurance agent” as “a person authorized, by and on behalf of an insurer, to transact insurance.”
 

 Section 33 defines “insurance broker” as “a person who, for compensation and on behalf of another person, transacts insurance other than life with, but not on behalf of, an insurer.”
 

 Section 35 defines “transact” as “solicitation, negotiations preliminary to execution, execution of a contract of insurance, and transaction of matters subsequent to execution of the contract and arising out of it.”
 

 Section 700 reads in pertinent part: “A person shall not transact any class of insurance business in this State without first being admitted for such class. Such admission is secured by procuring a certificate of authority from the commissioner.”
 

 Section 703 reads in pertinent part: “Except when performed by a surplus line broker, the following acts are misdemeanors when done in this State: (a) Acting as agent for a nonadmitted insurer in the transaction of insurance business in this State, (b) In any manner advertising a nonadmitted insurer in this State, (c) In any other manner aiding a nonadmitted insurer, to transact insurance business in this State.”
 

 
 *1227
 
 Section 1732 reads: “A person licensed as an insurance broker may act as an insurance agent in collecting and transmitting premium or return premium funds and delivering policies and other documents evidencing insurance without being licensed as an insurance agent.”
 

 Section 1760 reads: “Any citizen of this State may negotiate and effect insurance on his own property with any nonadmitted insurer.”
 

 Section 1760.5 in effect at relevant times read in pertinent part: “The provisions of this chapter limiting the insurance which may be placed with nonadmitted insurers and requiring any report thereof shall not apply to: (a) Reinsurance of the liability of an admitted insurer, (b) Insurance against perils of navigation, transit or transportation upon hulls, freights or disbursements, or other shipowner interests .... The insurance specified in the foregoing [paragraph] (b) . . . may be placed with a nonadmitted insurer only by and through a special lines’ surplus line broker.”
 

 Section 1761 reads: “Except as provided in Sections 1760 and 1760.5, a person within this State shall not transact any insurance on property located or operations conducted within, or on the lives or persons of residents of this State with nonadmitted insurers, except by and through a surplus line broker licensed under this chapter and upon the terms and conditions prescribed in this chapter.”
 

 Section 1763 provides a surplus line broker under certain circumstances “may solicit and place insurance, other than as excepted in section 1761, with nonadmitted insurers . . . .”
 

 Section 1764 reads in part: “A licensed surplus line broker may issue certificates evidencing the placement of insurance with a nonadmitted insurer. Such certificates shall be in the name of such surplus line broker and not in the name of such nonadmitted insurer . . . .”
 

 Section 1764.2 reads: “No surplus line broker shall issue such certificate, cause or purport to cause any risk to be insured by a nonadmitted insurer or advise any insured or applicant for insurance that coverage has been or will be obtained from a nonadmitted insurer unless: (a) He has prior written authority from such nonadmitted insurer to cause such risk to be insured; (b) He has received advice in the ordinary course of business that such coverage had been obtained; or (c) A policy of insurance covering the insured for the risk has actually been issued by such nonadmitted insurer and delivered to the insured or his representative.”
 

 
 *1228
 
 VI
 

 The Department found petitioners acted as Pioneer’s agent and aided and abetted Pioneer to transact insurance in California without first obtaining a certificate of authority under section 700. The superior court found petitioners “may not act as a managing agent for a non-admitted carrier.”
 

 Petitioners contend Mor-Ben could properly act as Pioneer’s agent by virtue of its licenses as a surplus line broker and special lines’ surplus line broker. They contend as a special lines’ surplus line broker dealing only with marine insurance, Mor-Ben acting through Hoffman complied with section 1760.5. Petitioners further contend Mor-Ben’s acting as Pioneer’s managing general agent was not improper under the Insurance Code but rather was exactly the role envisioned by section 703 for surplus line brokers. Petitioners misstate the evidence of their activities and misconstrue the relevant statutes.
 

 Section 703 does not authorize a surplus line broker to act as the managing general agent for a nonadmitted insurer. Section 703 simply excludes a surplus line broker from criminal liability for performing certain acts likely to be performed by such a broker.
 

 Nothing in section 1760.5 or 1761 authorizes a surplus line broker or special lines’ surplus line broker to act as a managing agent for a nonadmitted insurer. Section 1760.5 simply permits a special lines’ surplus line broker to place certain insurance with nonadmitted insurers. Section 1761 simply permits a surplus line broker to transact certain insurance with non-admitted insurers. Mor-Ben’s licenses as a surplus line broker and special lines’ surplus line broker did not authorize Mor-Ben to act as managing general agent for nonadmitted insurers. Such licenses simply allowed MorBen to represent California residents in seeking from nonadmitted insurers classes of insurance otherwise difficult to obtain.
 

 Petitioners’ acts as Pioneer’s agent far exceeded their authority as brokers under sections 33, 1732, 1760 et seq. Petitioners did not act solely as brokers; they did not act solely on behalf of insureds to place insurance with nonadmitted insurers. Instead, petitioners acted as Pioneer’s agent by transacting insurance on Pioneer’s behalf. (§ 31.) Petitioners essentially operated Pioneer’s insurance business in California.
 

 Mor-Ben was Pioneer’s sole agent in the United States with authority from Pioneer to issue the classes of insurance Pioneer offered in the United States. Mor-Ben functioned as United States manager for Pioneer and for
 
 *1229
 
 any type of business Pioneer wanted to do in the United States. Mor-Ben did all accounting, handled all funds, transmitted and requested funds, assigned all claims, hired all adjusters, retained all attorneys and settled claims. Petitioners transacted marine and fire and casualty insurance on Pioneer’s behalf by issuing insurance to various insureds, charging and collecting premiums on such insurance, and adjusting, settling and handling all claims against Pioneer arising under such policies. On this record the Department and the superior court reasonably found petitioners aided and abetted Pioneer to transact insurance in California without a certificate of authority under section 700.
 

 VII-XII
 
 *
 

 Disposition
 

 The judgment is affirmed.
 

 Staniforth, J., and Wiener, J., concurred.
 

 [1]
 

 All statutory references are to the Insurance Code unless otherwise specified.
 

 [2]
 

 These arcane terms are defined in statutes set out in section V of this opinion.
 

 *
 

 See footnote,
 
 ante,
 
 page 1233.
 

 *
 

 See footnote,
 
 ante,
 
 page 1233.